# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

| | |
|---|---|
| STATE OF UTAH, UTAH DEPARTMENT OF ENVIRONMENTAL QUALITY, UTAH DIVISION OF AIR QUALITY,<br><br>    Petitioner,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, and ROBERT PERCIASEPE, Acting Administrator, U.S. EPA,<br><br>    Respondents. | Case No. 13-9535 |

## AMENDED MOTION OF UTAH ASSOCIATED MUNICIPAL POWER SYSTEMS FOR LEAVE TO INTERVENE IN SUPPORT OF PETITIONER

VAN COTT, BAGLEY, CORNWALL
    & MCCARTHY, P.C.
H. Michael Keller
Mary Jane E. Galvin-Wagg
36 South State Street, Ste. 1900
Salt Lake City, Utah 84111-1478
mkeller@vancott.com
mgalvin@vancott.com
(801) 532-3333

UTAH ASSOCIATED MUNICIPAL
    POWER SYSTEMS
Mason Baker, General Counsel
155 North 400 West, Ste. 480
Salt Lake City, Utah 84103
mason@uamps.com
(801) 214-6440

*Attorneys for Proposed Intervenor*
    *Utah Associated Municipal Power Systems*

Pursuant to FED. R. APP. P. 15(d) and Tenth Cir. R. 15.2(B), Utah Associated Municipal Power Systems ("UAMPS") moves for leave to intervene in support of the Petitioner, the State of Utah on behalf of the Utah Department of Environmental Quality, Utah Division of Air Quality ("UDAQ"). In this appeal, UDAQ challenges Respondent EPA's final rule[1] insofar as it disapproves portions of a Clean Air Act regional haze state implementation plan ("RH SIP") for the State of Utah relating to nitrogen oxide ("NOx") and particulate matter ("PM") pollution controls and emissions limits, known as Best Available Retrofit Technology ("BART").[2]

In its Final Rule, EPA disapproved the portions of Utah's RH SIP addressing BART NOx and PM determinations and emissions limits for certain stationary sources located within Utah, and approved portions of Utah's RH SIP that implement a backstop trading program for sulfur dioxide emissions ("the "SO2 Backstop Trading Program"). Specifically, in this appeal, UDAQ seeks review only of that portion of EPA's final rule

---

[1] EPA published a notice of a final rule on December 14, 2012 entitled "Approval, Disapproval and Promulgation of State Implementation Plans; State of Utah; Regional Haze Rule Requirements for Mandatory Class I Areas Under 40 CFR 51.309." 77 Fed. Reg. 74,355. In the December 14, 2012 notice, EPA erroneously omitted a statement as to the deadline for judicial review. After EPA discovered the error it made in the published notice, EPA corrected the error by issuing a final rule in which it established the deadline to petition for review of this final rule as March 25, 2013. 78 Fed. Reg. 4,341 (January 22, 2013).

[2] Respondent EPA takes no position on UAMPS' proposed intervention. *See* Certification Under Tenth Cir. R. 27.3(C) and FED. R. APP. P. 27, *infra*.

"disapproving the State's NOx and PM BART determinations and limits in section D.6.d of the SIP for the following four subject-to-BART electric generating units: PacifiCorp Hunter Unit 1, PacifiCorp Hunter Unit 2, PacifiCorp Huntington Unit 1, and PacifiCorp Huntington Unit 2." 77 Fed. Reg. at 74,357.

There are separate actions pending before the Tenth Circuit seeking review of that portion of EPA's final rule approving portions of Utah's RH SIP that implements a backstop trading program for sulfur dioxide emissions (the "SO2 Backstop Trading Program"): WildEarth Guardians v. EPA, Case No. 13-9506 (10th Cir. Jan. 23, 2013); HEAL Utah, et al. v. EPA, Case No. 13-9507 (10th Cir.) (Jan. 25, 2013). UAMPS has intervened along with UDAQ in both of these appeals on behalf of EPA insofar as they may impact UAMPS' ownership interest in the PacifiCorp Hunter Unit 2 electric generating unit.

I.      INTRODUCTION AND STATEMENT OF INTEREST

UAMPS' intervention is appropriate because the Utah Section RH SIP directly affects UAMPS' substantial interests in Utah. UAMPS is a part owner of a coal-fired electrical generating unit in Utah known as the PacifiCorp Hunter Unit 2, which is operated and partly owned by PacifiCorp and is directly subject to the regulations contained in the Utah RH SIP. In this appeal, the Court will address EPA's final rule and the provisional Utah RH SIP and could, in turn, require implementation of new control

3

technologies at PacifiCorp Hunter Unit 2, entailing investment by UAMPS of significant financial resources.

UAMPS satisfies the requirements for intervention because (1) this motion is timely, (2) UAMPS has direct and substantial interests in the transaction that is the subject of this appeal, and (3) UAMPS' interests will be impaired if the relief sought by UDAQ is denied. In addition, the named parties cannot adequately represent UAMPS' interests in this action. *See* 10th Cir. R. 15.2(B)(1). Accordingly, UAMPS should be granted leave to intervene as a matter of right, or, alternatively, granted permission to oppose EPA's arguments.

## II.     BACKGROUND

### A.     *Regional Haze.*

The Clean Air Act's regional haze program requires each state to develop a Regional Haze State Implementation Plan to reduce emissions that affect visibility at protected areas within and outside its borders. 42 U.S.C. § 7491(a)(1).

States like Utah can meet their RH SIP obligations either under the requirements of 40 C.F.R. § 51.308 ("Section 308") or alternatively, under 40 C.F.R. § 51.309 ("Section 309"). Utah, New Mexico and Wyoming (the "Section 309 States") each submitted an RH SIP to EPA pursuant to Section 309. Utah's RH SIP established NOx and PM BART determinations and

limits in section D.6.d of the SIP for the following four subject-to-BART electric generating units in Utah: PacifiCorp Hunter Unit 1, PacifiCorp Hunter Unit 2, PacifiCorp Huntington Unit 1, and PacifiCorp Huntington Unit 2, all of which are operated by PacifiCorp. Utah's RH SIP also adopted the $SO_2$ Backstop Trading Program, an emissions trading program that sets $SO_2$ emissions reductions milestones for all Section 309 States combined.

EPA's final rule, entitled "Approval, Disapproval and Promulgation of State Implementation Plans; State of Utah; Regional Haze Rule Requirements for Mandatory Class I Areas Under 40 CFR 51.309," was published December 14, 2012, 77 Fed. Reg. 74,355, and corrected January 22, 2013, 78 Fed. Reg. 4,341. In the final rule, EPA approved portions of Utah's RH SIP establishing the SO2 Backstop Trading Program and disapproved the portions of Utah's RH SIP addressing BART NOx and PM determinations and emission limits for certain stationary sources located within Utah. UAMPS seeks to intervene on behalf Petitioner UDAQ in this appeal challenging those portions of EPA's final rule disapproving the Utah's RH SIP addressing BART NOx and PM determinations and emission limits for the specified stationary sources in Utah.

B.   *UAMPS.*

UAMPS is a political subdivision of the State of Utah consisting of 45 municipal and other community-owned electric utilities in Utah, Nevada,

Arizona, New Mexico, Idaho, Wyoming, California, and Oregon. Most UAMPS members own and operate local electric utility system(s) that provide integrated retail electric service to residential, commercial, and industrial customers. UAMPS partners with its members to ensure that electricity is affordable and reliable. In addition to owning interests in or directly operating power plants and other sources of electrical power. UAMPS and its members regularly purchase power off the grid and are, therefore, sensitive to market and regulatory forces that impact electricity affordability and reliability.

UAMPS currently manages 14 separate projects that provide power supply, transmission, and other services to participating members. One of those projects is UAMPS' part ownership in PacifiCorp Hunter Unit 2, located in Emery County, Utah. PacifiCorp Hunter Unit 2 is a 430 MW coal-fired electric generating unit that is jointly owned by PacifiCorp, UAMPS, and Deseret Generation & Transmission Co-operative. PacifiCorp Hunter Unit 2 is operated by PacifiCorp in conjunction with two other coal-fired units, with a combined generating capacity of approximately 1472 MW.

UAMPS owns an undivided 14. 582% ownership interest in PacifiCorp Hunter Unit 2, which represents approximately 63 MW of generating capacity for UAMPS and its participating members. Annually, this represents approximately 552,246 hours. Twenty-three UAMPS members—

including small municipalities and other community-owned public electric utilities—participate in the Hunter project. These participating members are small, serving an average of 4,247 customers with populations under 50,000.

In accordance with the Utah RH SIP, PacifiCorp has already made significant reductions in $SO_2$ emissions at PacifiCorp Hunter Unit 2 at a cost of millions of dollars. UAMPS has borne its proportionate share of those costs.

In response to EPA's proposed rulemaking,[3] UAMPS filed public comments on July 16, 2012 in support of the Utah RH SIP dealing with the S02 Backstop Trading Program and in opposition to EPA's proposed disapproval of those portions of the Utah RH SIP establishing NOx and PM BART determinations and limits in section D.6.d of the SIP for the PacifiCorp Hunter Unit 2 and the three other subject-to-BART electric generating units in Utah. This Court's review of EPA's disapproval of these portions of the Utah RH SIP will directly affect UAMPS' interests in Utah.

## II.   LEGAL ARGUMENT

### A.   *UAMPS is Entitled to Intervene as a Right*

UAMPS may intervene pursuant to FED. R. APP. P. 15(d) and Tenth Cir. R. 15(B)(1). This Court grants intervention where the applicant can show

---

[3] EPA proposed rule: "Approval, Disapproval and Promulgation of State Implementation Plans; State of Utah; Regional Haze Rule Requirements for Mandatory Class I Areas." 77 Fed. Reg. 28825 (May 16, 2012).

a "substantial and unique interest in the outcome" of the case. *N.M. Dep't of Human Servs. v. Dep't of Health & Human Servs. Health Care Fin. Admin.*, 4 F.3d 882, 884, n.2 (10th Cir. 1993). The Court applies "a somewhat liberal line" in granting intervention, *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010) (quoting *WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 995 (10th Cir. 2009)), and views intervention as a means of "disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." 604 F.2d at 1198 (quoting *San Juan County v. United States*, 503 F.3d 1163, 1195 (10th Cir. 2007) (en banc).

Although FED. R. APP. 15(d) requires only that UAMPS demonstrate a "substantial interest" to intervene, the Tenth Circuit also looks to FED. R. CIV. P. 24(a) to determine whether intervention is appropriate under FED. R. APP. P. 15(d) and Tenth Circuit Rule 15.2(B). Fed. R. App. P. 15(d); *Int'l Union v. Scofield,* 382 U.S. 205, 210, 216 n.10 (1965); *see also Sierra Club, Inc. v. EPA,* 358 F.3d 516, 517-18 (7th Cir. 2004) (explaining "Rule 15(d) does not provide standards for intervention, so appellate courts have turned to the rules governing intervention in the district courts under Fed. R. Civ. P. 24"); *Texas v. U.S. Dep't of Energy,* 754 F.2d 550, 551 (5th Cir. 1985) (explaining intervention under Rule 15(d) involves consideration of "the statutory design

8

of the act" and "the policies underlying intervention in the trial courts pursuant to Fed. R. Civ. P. 24").

Pursuant to FED. R. CIV. P. 24 as applied by the Tenth Circuit, UAMPS may intervene as a right if (1) its motion is timely; (2) it has interest in the property or transaction which is the subject of the action; (3) it is situated so that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the existing parties cannot adequately represent its interest. *WildEarth Guardians,* 604 F.3d at 1198; *Wilderness Soc'y v. U.S. Forest Serv.,* 630 F.3d 1173, 1177 (9th Cir. 2011); 10th Cir. R. 15(B)(1) (" a nonparty motion must state the reasons why the parties cannot adequately protect the interest asserted").[4] UAMPS meets all four requirements.

### 1.    *This Motion Is Timely.*

FED. R. APP. P. 15(d) requires that a motion to intervene be filed within 30 days after the date on which the petition for review was filed. UDAQ filed its petition on March 21, 2013. As this motion is filed within 30

---

[4] The Tenth Circuit has held that applicants for intervention under to Rules 24(a) and 24(b) need not establish standing if the applicant intervenes on the side of a party with standing. *San Juan Cnty. v. United States,* 503 F.3d 1163, 1167, 1172 (10th Cir. 2007) (en banc). UAMPS seeks to intervene on the side of UDAQ; as Petitioner, UDAQ's standing is not in question. *See, e.g., Roeder v. Islamic Rep. of Iran,* 333 F.3d 228, 233 (D.C. Cir. 2003) ("Requiring standing of someone who seeks to intervene as a defendant . . . runs into the doctrine that the standing inquiry is directed at those who invoke the court's jurisdiction.")

days of the petition, it is timely. In addition, no substantive proceedings have occurred yet in this case other than entry of appearances of counsel for the parties. Accordingly, UAMPS' intervention will not delay the proceedings or prejudice any party's ability to participate.

    2.    *UAMPS' Interest Relates to the Subject Matter of This Action.*

An intervenor must also show that it has an interest that "could be adversely affected by the litigation," but "practical judgment" must be applied, rather than a "rigid formula." *San Juan County v. United States,* 503 F.3d 1163, 1199 (10th Cir. 2007); *see also California ex rel. Lockyer v. United States,* 450 F.3d 436, 441 (9th Cir. 2006) ("party has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as result of the pending litigation").

As a part owner of the PacifiCorp Hunter Unit 2, UAMPS has direct and substantial interests in this appeal. To protect those interests, UAMPS filed public comments on July 16, 2012 in support of the Utah RH SIP and in opposition to EPA's proposed disapproval of those portions of the Utah RH SIP establishing NOx and PM BART determinations and limits for the PacifiCorp Hunter Unit 2 and three other subject-to-BART elements of the Utah RH SIP as it affects PacifiCorp Hunter Unit 2. As such, the Court's decision here will directly impact UAMPS' interests in Utah.

### 3. *The Disposition of This Action Is Likely To Impair or Impede UAMPS' Ability To Protect Its Interest.*

UAMPS' ability to protect its interests will be impaired if the Court rejects UDAQ's challenge and upholds EPA's disapproval of those portions of the Utah RH SIP establishing NOx and PM BART determinations and limits in section D.6.d of the SIP for the PacifiCorp Hunter 2 Unit and the three other subject-to-BART electric generating units in Utah.

This Court has explained that the "impairment" test under FED. R. APP. P. 24(a) "presents a minimal burden." *WildEarth Guardians,* 604 F.3d at 1199 (citing *WildEarth Guardians,* 573 F. 3d at 995). Thus, courts should grant intervention "even where the possibility of future challenge to the regulation remains available." *Akiachak Native Cmty. v. U.S. Dep't. of the Interior,* 584 F. Supp. 2d 1, 6-7 (D.D.C. 2008) (internal quotation marks omitted); *see also WildEarth Guardians,* 573 F.3d at 995 ("intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied . . . the mere availability of alternative forums is not sufficient to justify denial of a motion to intervene").

Here, UAMPS' ability to protect its interests will be impaired if its motion is denied. EPA's disapproval of portions of the Utah RH SIP will directly affect UAMPS' investment and ownership in PacifiCorp Hunter Unit 2. If UAMPS is not permitted to intervene, it will lose the opportunity to

protect its substantial Utah interests. As the Court's disposition of this appeal is likely to impede UAMPS' ability to protect its interests in this way, intervention is proper.

### 4. The Existing Parties Do Not and Cannot Adequately Represent UAMPS' Interests.

Under FED. R. CIV. P. 24(a), the burden to show inadequate representation "is 'minimal,'" and "'[t]he possibility of divergence of interest need not be great.'" *WildEarth Guardians,* 604 F.3d at 1200 ("'[t]he possibility that the interests of the applicant and the parties may diverge need not be great'") (citations omitted). Thus, UAMPS "must show only the possibility that representation may be inadequate." *WildEarth Guardians* 604 F.3d at 1200. The burden is satisfied "[w]here a government agency may be placed in the position of defending both public and private interests." *Id.* ("[w]e have repeatedly recognized that it is 'on its face impossible' for a government agency to carry the task of protecting the public's interests and the private interests of a prospective intervenor"); *see also Fund for Animals v. Norton,* 322 F.3d 728, 736 (D.C. Cir. 2003) ("governmental entities do not adequately represent the interests of aspiring intervenors").

Even if Tenth Cir. R. 15.2(B)(1), which requires UAMPS to explain "why the parties cannot adequately protect the interest asserted," is thought to be more demanding, UAMPS meets the standard. The parties cannot

12

adequately represent UAMPS' interests in this appeal. As the government agency responsible for regulating PacifiCorp Hunter Unit 2, in which UAMPS is a part owner, UDAQ cannot adequately represent UAMPS' interests. *See Utah Ass'n of Counties v. Clinton,* 255 F.3d 1246, 1256 (10th Cir. 2001) ("In litigating on behalf of the general public, the government is obligated to consider a broad spectrum of views, many of which may conflict with the particular interest of the would-be intervenor," and "[t]his potential conflict exists even when the government is called upon to defend against a claim which the would-be intervenor also wishes to contest.")

B.     *Alternatively, the Court Should Grant Permission to Intervene.*

Even if the Court determines UAMPS may not intervene as of right, permissive intervention is appropriate. FED. R. CIV. P. 24(b)(1)(B) authorizes the Court to "permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Permissive intervention is "an inherently discretionary enterprise" subject to "considerations of equity and judicial economy." *Equal Emp't Opportunity Comm'n v. Nat'l Childrens Ctr. Inc.,* 146 F.3d 1042, 1046 (D.C. Cir. 1998); *Garza v. Cnty. Of L.A.,* 918 F.2d 763, 777 (9th Cir. 1990). In considering whether to permit intervention, the Court should also evaluate "whether the intervention will unduly delay or prejudice the adjudication of the rights of existing litigants." *DeJulius v. New Eng. Health Care Emps. Pension Fund,*

429 F.3d 935, 943 (10th Cir. 2005) (internal quotation marks omitted).

Here, leave should be granted because UAMPS' interests are aligned with the interests of Petitioner UDAQ and in opposition to EPA's. UAMPS' intervention will not "unduly delay or prejudice" the resolution of this review because this appeal is in its infancy. Indeed, UAMPS' intervention will serve judicial economy by facilitating—in a single venue involving all interested parties—a robust examination of EPA's disapproval of those portions of Utah's RH SIP establishing NOx and PM BART determinations and limits for PacifiCorp Hunter Unit 2 and the three other subject-to-BART electric generating units. For these reasons, the Court should permit UAMPS to intervene even if it concludes that UAMPS is not permitted to intervene as a matter of right.

## IV. CONCLUSION

For the foregoing reasons, UAMPS respectfully requests that the Court grant its motion to intervene in this action as a Petitioner, or alternatively, that the court grant UAMPS permissive intervention.

DATED this 22nd day of April, 2013.

Respectfully submitted,

                                                                     VAN COTT, BAGLEY, CORNWALL
                                                                         & MCCARTHY, P.C.

                                                                     /s/ H. Michael Keller
                                                                      H. Michael Keller

/s/ Mary Jane E. Galvin-Wagg
   Mary Jane E. Galvin-Wagg

36 South State Street, Ste. 1900
Salt Lake City, Utah 84111-1478
mkeller@vancott.com
mgalvin@vancott.com
(801) 532-3333

UTAH ASSOCIATED MUNICIPAL
   POWER SYSTEMS

/s/ Mason Baker
   Mason Baker
General Counsel

155 North 400 West, Ste. 480
Salt Lake City, Utah 84013
mason@uamps.com
(801) 214-6440

*Attorneys for Proposed Intervenor Utah*
   *Associated Municipal Power Systems*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of April, 2013, the foregoing **AMENDED MOTION OF UTAH ASSOCIATED MUNICIPAL POWER SYSTEMS FOR LEAVE TO INTERVENE IN SUPPORT OF PETITIONER** was served electronically on all counsel of record through the Court's CM/ECF system.

>  VAN COTT, BAGLEY, CORNWALL
>      & MCCARTHY, P.C.
>
>  /s/ H. Michael Keller
>      H. Michael Keller
>
>  /s/ Mary Jane E. Galvin-Wagg
>      Mary Jane E. Galvin-Wagg
>
>  36 South State Street, Ste. 1900
>  Salt Lake City, Utah 84111-1478
>  mkeller@vancott.com
>  mgalvin@vancott.com
>  (801) 532-3333
>
>  UTAH ASSOCIATED MUNICIPAL
>      POWER SYSTEMS
>
>  /s/ Mason Baker
>      Mason Baker
>  General Counsel
>
>  155 North 400 West, Ste. 480
>  Salt Lake City, Utah 84013
>  mason@uamps.com
>  (801) 214-6440
>
>  *Attorneys for Proposed Intervenor Utah*
>      *Associated Municipal Power Systems*

16

**CERTIFICATION UNDER TENTH CIR. R. 27.3(C)**
**AND FED. R. APP. P. 27**

On April 22, 2013, counsel to the United States Environmental Protection Agency ("EPA"), Chloe H. Kolman, notified the undersigned that EPA takes no position with regard to the proposed intervention of Utah Associated Municipal Power Systems ("UAMPS"). Attorney General Christian Stephens, counsel to Petitioner the State of Utah on behalf of the Utah Department of Environmental Quality, Utah Division of Air Quality, advised that Petitioner does not oppose UAMPS' intervention.

                                      VAN COTT, BAGLEY, CORNWALL
                                                  & CARTHY, P.C.

                                      /s/ H. Michael Keller
                                            H. Michael Keller

                                      /s/ Mary Jane E. Galvin-Wagg
                                            Mary Jane E. Galvin-Wagg

                                      36 South State Street, Ste. 1900
                                      Salt Lake City, Utah 84111-1478
                                      mkeller@vancott.com
                                      mgalvin@vancott.com
                                      (801) 532-3333

## CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that with respect to the foregoing **AMENDED MOTION OF UTAH ASSOCIATED MUNICIPAL POWER SYSTEMS FOR LEAVE TO INTERVENE IN SUPPORT OF PETITIONER**:

(1)  all required privacy redactions have been made in accordance with 10th Cir. R. 25.5;

(2)  if required to file additional hard copies, that the ECF submission is an exact copy of those documents; and

(3)  the digital submissions have been scanned for viruses with the most recent version of McAfee VirusScan Enterprise, updated on April 22, 2013, and according to the program are free of viruses.

DATED this 22nd day of April, 2013.

> VAN COTT, BAGLEY, CORNWALL
>    & MCCARTHY, P.C.
>
> /s/ H. Michael Keller
>    H. Michael Keller
>
> /s/ Mary Jane E. Galvin-Wagg
>    Mary Jane E. Galvin-Wagg
>
> 36 South State Street, Ste. 1900
> Salt Lake City, Utah 84111-1478
> mkeller@vancott.com
> mgalvin@vancott.com
> (801) 532-3333
>
> UTAH ASSOCIATED MUNICIPAL
>    POWER SYSTEMS
>
> /s/ Mason Baker
>    Mason Baker
> General Counsel

155 North 400 West, Ste. 480
Salt Lake City, Utah 84013
mason@uamps.com
(801) 214-6440

*Attorneys for Proposed Intervenor Utah Associated Municipal Power Systems*

4813-8202-4211, v. 1

Appellate Case: 13-9535   Document: 01019039967   Date Filed: 04/22/2013   Page: 19